## RIEGELMAN v. UNITED STATES.

### (Circuit Court, S. D. New York. December 23, 1903.)

### No. 3,327.

1. CUSTOMS DUTIES—CLASSIFICATION—POLISHED CYLINDER GLASS, BEVELED.
   The provision in paragraph 107, Schedule B, § 1, c. 11, Tariff Act July 24, 1897 (30 Stat. 158 [U. S. Comp. St. 1901, p. 1635]), for an additional duty of 5 per cent. ad valorem on "cylinder * * * glass, * * * when * * * beveled * * * or otherwise ornamented or decorated," is applicable to the "cylinder glass, * * * polished," that is enumerated in paragraph 102 of said act (30 Stat. 157 [U. S. Comp. St. 1901, p. 1634]).

Application of A. Riegelman, importer, to review the decision of the Board of General Appraisers, which affirmed the assessment of duty by the collector of customs at the port of New York. The decision under review was a short unpublished one. The reasoning and conclusions of the board are more fully stated in a published decision on similar merchandise (In re Van Horne, G. A. 5,144, T. D. 23,746), which is as follows:

SOMERVILLE, General Appraiser. The merchandise consists of polished cylinder glass, beveled. It was classified as dutiable at the specific rates prescribed in paragraph 102, Schedule B, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1634], for "cylinder glass, * * * polished," and in addition at the rate of 5 per cent. ad valorem, which is provided in paragraph 107 on "cylinder * * * glass, * * * when * * * beveled * * * or otherwise ornamented or decorated." The protestants contend that the merchandise is not subject to said additional duty, but only to the rates provided in said paragraph 102.

It does not appear what the precise theory of this contention is, unless it is that the cylinder glass referred to in paragraph 107 is the "unpolished, cylinder * * * glass," included in paragraph 101, Schedule B, § 1, c. 11 (30 Stat. 158 [U. S. Comp. St. 1901, p. 1634]). In our opinion, the provision for "cylinder glass" in paragraph 107 includes both the unpolished and the polished cylinder glass specified in said paragraphs 101 and 102. The same conclusion was reached by the board with reference to similar merchandise imported under the tariff act of 1894, the corresponding provisions of which (paragraphs 91, 92, 97, Schedule B, § 1, c. 349; 28 Stat. 513, 514) are identical in language with those of the tariff act of 1897, which we have cited above (In re Bomeisler, G. A. 3,115). Said decision was affirmed in effect by the Circuit Court for the Southern District of New York, November 1, 1901, in Bache v. United States (suit 2,686, no opinion). Following the cases cited, we overrule the protests and affirm the decision of the collector.

In the Circuit Court much evidence was taken, both by the importer and by the government, on the allegations in the importer's petition for review that the glass in question was not beveled, and that it was not cylinder glass, within the meaning of said paragraph 102.

Howard T. Walden, for the importer.
Charles Duane Baker, Asst. U. S. Atty.

HAZEL, District Judge. The term "cylinder glass," as used in the tariff act of 1897 (30 Stat. 151 [U. S. Comp. St. 1901, p. 1625]), is descriptive of glass manufactured by first blowing the glass into large cylinders, flattening the same on hot iron plates, then cutting

in squares and sizes named in the statute, and finishing by polishing or beveling. In my opinion, the cylinder glass described in the protest is cylinder glass polished or beveled, and hence the importation was correctly assessed an additional duty of 5 per cent. ad valorem, under paragraph 107, Schedule B, § 1, c. 11, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635].

Decision of the Board of General Appraisers is affirmed.